UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEIDI LENT, an individual,

Plaintiff,

v.

ARAMARK SPORTS & ENTERTAINMENT SERVICES LLC, a Washington corporation; and SHARI KELLEY EVENTS, a California general partnership,

Defendants.

No. C 09-5230 KLS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT S.K. EVENTS MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Summary Judgment Motion of the Defendant Shari Kelley Events. (Dkt. 16 - 18, 25 and 26). The Plaintiff filed her Response (Dkt. 19 - 24). For the reasons set forth below, the Defendant's motion is GRANTED in part and DENIED in part. The Court concludes that there remain material issues of fact that can only be resolved by the trier of fact.

**UNDISPUTED FACTS**

Shari Kelley Events (S.K. Events) was hired in late 2007 by the Boys & Girls Club of South Puget Sound to plan a fundraising event for September 2008 to be held at the Greater Tacoma Convention and

Order Granting in Part and Denying
in Part S.K. Events Motion for
Summary Judgment
Page - 1

1  Trade Center (GTCTC). S.K. Events entered into a contract with GTCTC for use of a room which was

2  approximately 22,000 square feet. The contract with GTCTC required S.K. Events to use the services of

3  the defendant Aramark for catering. S.K. Events contracted with Aramark, as required by GTCTC, for

4  the catering and service of all food and beverages.

5  The S.K. Events contract with Aramark contained the following clause:

> Set-ups and Floor Plans. ARAMARK reserves the right to approve, and make changes
> to, all floor plans and layouts of all event areas where ARAMARK's services are to
> be provided, as deemed necessary in ARAMARK'sسsole discretion, to enable the
> safe and efficient conduct of ARAMARK's services by ARAMARK's staff. Without
> limiting the generality of the foregoing, ARAMARK reserves the right to specify the
> locations and configuration of all decor, tables, buffet and service stations, aisles,
> and staging and breakdown areas.

Dkt. 17-2, Exhibit B.

The S.K. Events contract with GTCTC contained the following:

C. EVENT REQUIREMENTS

> 1. Custodial:   CITY will maintain all public access areas including lobbies, registration
> areas, concourses, hallways, restrooms and meeting rooms (except when utilized for exhibit
> space), at no extra cost to LICENSEE. All janitorial and cleaning service, except as previously
> described, beginning with the first leased day through the final leased day, shall be
> the responsibility of the LICENSEE.   In the event that no aisle carpeting is used for
> shows in the exhibition hall, CITY will provide (at no expense) personnel and equipment
> to properly clean aisles prior to the opening of each show day. Costs to remove debris
> or trash not associated with the normal course of business shall be borne by the LICENSEE.

ARAMARK provided its own bartenders and other waitstaff. S. K. Events neither supervised or isntructed any of the ARAMARK employees with regard to how to perform any of their duties.

The Plaintiff attended the fundraiser at the GTCTC on September 20, 2008. This fundraiser had a Cirque du Soleil theme with the bar, operated by ARAMARK, located inside the entrance doors to the room. Prior to her fall, at least three people noticed an accumulation of water on the floor near the bar. This water appeared to be melting ice from the bussing trays. At least two people made the bartenders aware of the water and requested that it be cleaned up. Aimee Hentschell believes that she made just such a request 30 minutes prior to Heidi Lent's fall. Heidi Lent fell because of the liquid on the floor and was injured as a result of the fall.

No one with S. K. Events was ever told about the presence of the liquid on the floor adjacent to

Order Granting in Part and Denying
in Part S.K. Events Motion for
Summary Judgment
Page - 2

the bar.

## ALTERNATIVE REQUEST TO CONTINUE MOTION

The Court notes that the Plaintiff made an "alternative" request to continue the Defendant's Motion under Fed. R. Civ. P. 56(f), which reads as follows:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

The Court notes that the Plaintiff failed to comply with the requirements of this rule. Counsel for Plaintiff did not file an affidavit as required. Rather, this alternative request was contained in the body of the Plaintiff's Response, which is not a document signed under oath or penalty of perjury.

In addition, the request which was included in the Plaintiff's Response sought additional time to take discovery depositions. The Court filed its Scheduling Order on August 12, 2009. Dkt. 9. Pursuant to the Scheduling Order, discovery was to be completed by February 8, 2010. The Defendant filed its summary judgment motion on January 12, 2010 with a noting date of February 5, 2010. It appears, from the Response, that the parties have agreed to discovery beyond that authorized by the Court's order. It also appears that the lack of diligence on the part of the Plaintiff and the lack of the necessary affidavit compel **DENIAL** of this "alternative" request.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56 ( c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp., v. Catrett,* 477 U.S. 317, 323 (1985).

Order Granting in Part and Denying
in Part S.K. Events Motion for
Summary Judgment
Page - 3

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita elec. Indus. Co. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Service In. V. Pacific Electrical Contractors Association,* 809 F.2d 626, 630 (9th cir. 1987).

**CLAIMS**

The Plaintiff asserts a negligence claim against the defendants. She alleges that the defendants had a duty to maintain the event facilities in a reasonably safe condition, which included keeping the floor free from slippery liquids and other substances, that they failed to do so and that they also failed to warn. As a result of this failure, Ms. Lent fell and was injured. She also asserts that vicarious liability "for its employees who were acting within the scope of their employment and in furtherance of their employer's business." Dkt. 1, Amended Complaint.

**DISCUSSION**

**1. Vicarious liability.** Defendant S.K. Events asserts that it is not vicariously liable for the actions or inactions of employees of ARAMARK. The undersigned agrees.

The undisputed facts lead to the conclusion that ARAMARK was an independent contractor, that S.K. Events had no control or authority to control ARAMARK or its employees and in fact S.K. Events asserted no control over ARAMARK or its employees.

In this case ARAMARK provided all the food and beverages pursuant to its contract with S.K. Events, used its own employees, and exercised sole control over the manner and means by which its employees provided the food and beverage service. S.K. Events was not involved in the set up of the buffet tables or the bar stations and it provided no equipment, supplies or tools for serving any food or

Order Granting in Part and Denying
in Part S.K. Events Motion for
Summary Judgment
Page - 4

beverages, other than some plastic "hamburger baskets." No employees of S.K. Events worked the buffet or bar stations. The provision of liability insurance, as required by the contract with GTCTC, does not affect the analysis of vicarious liablity in this case.

As noted in the Defendant's brief, a principal is not liable for the acts of an independent contractor. *DeWater v. State,* 130 Wn.2d 128, 137, 921 P.2d 1059 (1996). Pursuant to an analysis of the factors identified in *Hollingbery v. Dunn,* 68 Wn.2d 75, 80, 411 P.2d 431 (1966), the undersigned concludes that S.K. Events is not vicariously liable for any actions or inactions of the employees of ARAMARK. The Defendant's motion to dismiss based on this theory is therefore **GRANTED.**

**2. S.K. Events duty of care to Plaintiff.** The Defendant, S.K. Events, asserts that it owed no duty of care to the plaintiff based on its assertion that ARAMARK had exclusive control of the area in which the plaintiff fell and that S.K. Events was not, therefore, in possession of that area.

One argument the Defendant presents in support of this conclusion is that ARAMARK used space within the GTCTC on a regular basis and therefore it was not using space owned or provided by S.K. Events. However, the facts show that ARAMARK used a portion of the space contracted by S.K. Events from GTCTC. If S.K. Events did not enter into the contract, there would be no reason for ARAMARK to be at the GTCTC that evening.

S.K. Events also argues that the contractual language with ARAMARK supports the conclusion that S.K. Events did not have control and therefore possession over the area where the Plaintiff fell. While it is true that the contract gave ARAMARK control regarding floor plan and layout, this control as contained in the contract does not clearly remove the possessory interest that S.K. Events had over the entire 22,000 square feet leased from GTCTC.

The Court notes, however, that the contractual language is less than clear as to who had or did not have the obligation to maintain the floors in a safe condition. The GTCTC agreed, in the contract, to provide janitorial service but there is no clear definition of that service. On the other hand, S.K. Events had contractual custodial responsibilities including: All janitorial and cleaning service, except as previously described, beginning with the first leased day through the final leased day, shall be the responsibility of the LICENSEE. Finally, the Court notes that there is no reference in the contract with

Order Granting in Part and Denying
in Part S.K. Events Motion for
Summary Judgment
Page - 5

ARAMARK regarding janitorial, clean-up or custodial responsibilities.

In addition, it is clear from the contract that S.K. Events leased the total area of 22,000 square feet and for purposes of this summary judgment motion the court concludes that it was in possession of that area. There is no allegation, however, that there was something inherently dangerous in the room. Rather, the issue that remains for resolution is whether S.K. Events knew or should have known of the condition of the floor around the bar. For these reasons, therefore, the Defendant's motion to dismiss is **DENIED.**

## SUMMARY

S.K. Event's motion to dismiss (Dkt. 16) is **GRANTED** ONLY AS IT RELATES TO THE Plaintiff'S claim that S.K. Events is vicariously liable for the actions or inactions of ARAMARK. The balance of the motion is **DENIED,** for the reasons set forth above, as there remain material issues of fact that require resolution by the trier of fact.

DATED this 19th day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

Order Granting in Part and Denying
in Part S.K. Events Motion for
Summary Judgment
Page - 6